# UNITED STATES BANKRUPTCY COURT
## Southern District of New York

In re: Jean Touzin and Marie M Clotaire          Bankruptcy Case No.: 09-23953-rdd

Jean Touzin
Marie M Clotaire

                                     Plaintiff(s),

-against-                                                Adversary Proceeding No 10-08209-rdd

HSBC Mortgage Corporation (USA)

                                       Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

| Address of Clerk: |
|---|
| **Clerk of the Court**<br>**United States Bankruptcy Court**<br>**Southern District of New York**<br>**300 Quarropas Street**<br>**White Plains, NY 10601** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
|---|
| **Joshua N. Bleichman**<br>**Bleichman & Klein**<br>**268 Route 59**<br>**Spring Valley, NY 10977** |

If you make a motion, your time to answer is governed by Fed R. Bankr. P. 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>300 Quarropas Street<br>White Plains, NY 10601 | Room: Courtroom 118, White Plains Office, 300 Quarropas Street, White Plains, NY 10601 |
|---|---|
| | Date and Time: 3/11/10 at 10:00 AM |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: 1/21/10

                                                 Vito Genna

                                                 *Clerk of the Court*

                                                 By: /s/ Willie Rodriguez

                                                 *Deputy Clerk*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
In Re:                                              Chapter 7
Jean Touzin and Marie Clotaire                      Case No 09-23953
_____x
Jean Touzin and Marie Clotaire
     Plaintiff,
vs                                                  Adv. Case No.
HSBC Mortgage Corporation
     Defendant,
_____x

## Complaint Seeking Damages in Core Adversary Proceeding
## For Violation of RESPA

### Introduction

1      This is an action for statuary, actual and punitive damages filed by the debtor pursuant to Sections 2605(e)(1)(A) and 2605(e)(1)(B)(2) of Title 12 of the United States Code and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X.

### Jurisdiction and Venue

2.     Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11 and concerns property of the debtor in that case

3.     This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code, and pursuant to the Order entered by the Judges of the United States District Court for the Southern District of New York on July 30, 1984 (the Referral Order), which Order was entered in accordance with the Bankruptcy Amendments and Federal Judgeship Act of 1984.

1

4. This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to Section 2614 of Title 12 of the United States Code.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## Parties

8. The Plaintiffs Jean Touzin and Marie Clotaire, reside at 106 Union Road, Apt 2L, Spring Valley, NY 10977, are debtors under Chapter 7 of Title 11 in the above-captioned case.

9. The Defendant, HSBC Mortgage Corporation is located and doing business in this district with and address at 2929 Walden Ave, Depew, NY 14043.

## Factual Allegations

10. On October 16, 2009 Plaintiffs filed for Chapter 7 Bankruptcy.

11. The Plaintiffs believes that they are being charged unauthorized late fees, and that their payments are being misapplied and that the mortgage account is not being properly credited for payments of interest, principal and escrow charges.

12. The Plaintiffs took these matters up with their attorney. The debtor's attorney

2

sent a "Qualified Written Request" to HSBC Mortgage Corporation, pursuant to the Real Estate Settlement Procedures Act on or about November 4, 2009.

13. The Defendant received the "Qualified Written Request" on, November 6, 2009 according to its USPS tracking number.

14. Defendant did not acknowledge the receipt of the "Qualified Written Request" by November 24, 2009, twenty days after its delivery.

15. Defendant did not respond to the "Qualified Written Request" by January 2, 2010 sixty days after it receipt, nor as of the date of this complaint.

16. As of the filing of this pleading the said Defendant has failed to have any form of communication with the debtor's attorney, or with the debtor to respond to or acknowledge the aforesaid Qualified Written Requests regarding the subject account.

17. The Plaintiffs have suffered actual damages including, but not limited to, having paid excess charges, excess interest, unauthorized fees and other charges, including principal and interest, and credit not having been properly applied for Plaintiff's account as a result of Defendant having Plaintiff's payments in suspense account.

## Claim 1: Violation of RESPA

18. The allegations in paragraphs 1 through 17 of this complaint are realleged and incorporated herein by this reference.

19. The Defendant is the assignee, of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

20. The "qualified written requests" was acknowledged within 20 days of receipt as required by Section 2605(e)(1)(A) of Title 12 of the United States Code and Section

3500.21(e)(1) of Reg. X

21. The Defendant did not, within 60 days of receipt of the "qualified written requests," provide the information requested and inform the Plaintiff of its actions as required by Section 2605(e)(1)(B)(2) Title 12 of the United States Code and Section 3500.21(e)(3) of Reg. X.

22. Some payments were stated as "unapplied" and Defendant must apply payments to the mortgage as per the party's promissory note.

23. The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code and failed to credit Plaintiffs for payments made on the mortgage.

24. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Reg. X, the Plaintiffs may recover of the Defendant actual damages, costs and reasonable attorney fees for each failure of the Defendant to comply with any part of Section 2605 of Title 12 of the United States Code.

### Claim 2: Breach of Contract

25. The allegations in paragraphs 1 through 24 of this complaint are realleged and incorporated herein by this reference.

26. Defendant has breached the contract by misapplying payments. Defendant did not apply the payments pursuant to note.

27. As a direct proximate thereof Plaintiffs have suffered losses.

### Claim 3: Negligence

28. The allegations in paragraphs 1 through 27 of this complaint are realleged and incorporated herein by this reference.

29. Defendant negligently did not respond to the "Qualified Written Request".

Defendant negligently misapplied payments and has done this without the protection of the law.

30. As a direct proximate thereof Plaintiffs have suffered losses.

WHEREFORE, the Plaintiffs having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

- A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

- B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

- C. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

- D. That the Plaintiffs have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

- E. That the underlying debt to HSBC Mortgage Corporation be forever canceled and discharged and the Defendant be ordered to release all liens on the residence of the debtor and mark "paid in full" on all loan documents with said documents to be delivered to the debtor with all liens duly canceled and released as an additional sanction provided for under Section 362(h) of Title 11 of the United States Code; and

- F. That this Court order the Defendant to pay to the Plaintiffs their attorney's fees and costs and additional actual damages a sum to be determined by the Court for each failure to comply with any part of Section 2605 of Title 12 of the United

States Code pursuant to Section 2605(f) of Title 12 of the United States Code and

G. That the Plaintiffs have such other and further relief as the Court may deem just

and proper.

Dated: January 18, 2010
Spring Valley, New York

/s/ Joshua N. Bleichman
Joshua N. Bleichman
Law Office of Bleichman & Klein
Attorney for Plaintiffs
268 Route 59
Spring Valley, NY 10977
(845) 425-2510

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
In Re:                                            Chapter 7
Jean Touzin and Marie Clotaire                    Case No 09-23953
_____x
Jean Touzin and Marie Clotaire
    Plaintiff,
vs                                                Adv. Case No. 10-8209
HSBC Mortgage Corporation
    Defendant,
_____x

## CERTIFICATE OF SERVICE

I, Joshua N. Bleichman, an attorney admitted to practice before this court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I served the within Summons and Complaint on January 25, 2010, by depositing a true copy thereof Certified Mail in an post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, first class mail, addressed to the following persons:

| | |
|---|---|
| HSBC Mortgage Corporation<br>2929 Walden Ave<br>Depew, NY 14043 | /s/    Joshua N. Bleichman<br>Joshua N Bleichman<br>268 Route 59 West<br>Spring Valley, NY 10977<br>845-425-2510 |